UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OCTAVIO CASTELAN,

                Plaintiff,

-against-

S&N ARTHUR AVENUE d/b/a Emilia's
Restaurant, NUNZIO SALVATORE
SAPIENZA, and JOANNE LERRO,

                Defendants.

25-CV-6057 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

In his opposition to defendants' motion to compel arbitration, plaintiff asserts that he "has barely any savings and lives below the poverty line," Dkt. 21 at 1, but he has submitted no affidavit or documentation to that effect. If plaintiff seeks to assert financial hardship, he shall submit an affidavit and any reasonably available supporting documentation by **Tuesday, June 2, 2026** at **5:00 PM**.

Assuming plaintiff submits proper documentation, defendants should notify the Court by **Thursday, June 4, 2026**, at **5:00 PM** whether—consistent with their briefing that they "have agreed to . . . no employer-prevailing fee shifting inconsistent with the NYLL/FLSA," Dkt. 23 at 10—they concede they 1) will not seek any fees in arbitration absent a showing that plaintiff acted in bad faith, *Davis v. Ching Yi Cheng*, 2017 WL 6622545, at *14 (E.D.N.Y. Dec. 28, 2017) (holding that a prevailing employer-defendant is only entitled to attorneys' fees in a suit brought pursuant to the FLSA and NYLL if the employer-defendant can establish that the case was brought in bad faith), and 2) will not seek to recover "costs" beyond what the Federal Rule of Civil Procedure 54 allows as "costs," and will seek any permissible costs only subject to the arbitrator's sound discretion, *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 249 (E.D.N.Y. 2020) ("A court in its discretion may deny costs because of, among other things, . . . the losing party's limited financial resources.").

        SO ORDERED.

Dated: May 28, 2026
       New York, New York

                                    ARUN SUBRAMANIAN
                                    United States District Judge