UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OCTAVIO ANTONI CASTELAN,

                                    Plaintiff,

-against-

S&N ARTHUR AVENUE, INC. D/B/AEMI-
LIA'S RESTAURANT, NUNZIO SALVA-
TORE SAPIENZA, and JOANNELERRO a/k/a
JOANNE KIMBARK,

                                    Defendants.

25-cv-6057 (AS)


OPINION AND ORDER


ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Octavio Antoni Castelan is a former employee of Emilia's Restaurant in the Bronx, where he worked as a cook, dishwasher, and general laborer from about 2003 through November 2023. Dkt. 18-1 at ¶¶ 49–50. He alleges that defendants (*i.e.*, his former employers) did not pay him minimum wage or overtime, and he asserts federal and New York wage-and-hour and other related claims. Defendants have moved to compel arbitration and to stay this action. That motion is GRANTED.

## LEGAL STANDARDS

The Federal Arbitration Act "establishes a liberal federal policy favoring arbitration agreements." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018) (quotation omitted). To determine whether plaintiff's claims are subject to arbitration, the trial court must consider "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011).

"In deciding motions to compel, courts apply a 'standard similar to that applicable for a motion for summary judgment.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). The Court considers "all relevant, admissible evidence submitted by the parties." *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 281 n.1 (2d Cir. 2019). And "the court must draw all reasonable inferences in favor of the non-moving party." *Nicosia*, 834 F.3d at 229.

## DISCUSSION

As part of his employment re-engagement on May 5, 2023, Castelan entered into two agreements by which he agreed to arbitrate any claims arising from his work for defendants. Dkts. 18-

2 (Arbitration Agreement covering "all disputes, of whatever nature, concerning [Castelan's] employment with or termination from [Emilia's]"); Dkt. 18-3 (separate Settlement Agreement containing arbitration provision covering "[a]ny dispute, claim or cause of action arising out of, or related to, [Castelan's] employment with or termination by [Emilia's]"). So defendants understandably ask the Court to compel arbitration. Castelan responds that the agreements (or at least some of their provisions) are substantively unconscionable, which would preclude their enforcement.

Defendants argue there are two reasons the Court should rule for them before even reaching the unconscionability issue. First, they ask the Court to disregard Castelan's opposition brief because it fails to comply with this Court's Local Rules. Dkt. 23 at 5–6. While it's true that Castelan should have filed a formal brief rather than a letter-brief, the Court will excuse that oversight because it has not prejudiced defendants.

Second, defendants say the "delegation clause in the Arbitration Agreement" authorizes the arbitrator to determine arbitrability, such that even this threshold dispute should be before the arbitrator. Dkt. 17 at 5. But that agreement delegates only the authority to interpret and apply its terms. Dkt. 18-2 at 2 (stating that "the interpretation or application of . . . this Arbitration Program" shall be resolved by the arbitrator). This motion presents an antecedent question: whether the agreement is valid and enforceable at all. *See Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) ("It is clear that questions of contractual validity relating to the unconscionability of an arbitration agreement must be resolved first . . . before compelling arbitration pursuant to the FAA." (cleaned up)). Since the agreement contains no explicit delegation provision to that effect, the Court does not imply one.

The Court next turns to the issue of unconscionability. Castelan doesn't challenge the validity of the agreements under New York law but says the arbitration provisions are substantively unconscionable under federal law. *See Ragone*, 595 F.3d at 125 ("Although the enforceability of an arbitration agreement is decided in the first place under the applicable body of state law, Section 2 of the FAA also 'create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the' statute." (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)).

Castelan says he can't effectively vindicate his statutory claims in the arbitral forum because arbitration could be cost prohibitive. *See* Dkt. 27 (financial affidavit from Castelan). He highlights a clause in the Arbitration Agreement stating that the arbitrator may award costs and fees to the prevailing party, and a clause in the Settlement Agreement stating that the prevailing party shall be entitled to costs and fees. Dkt. 21 at 1–2. Castelan also points to a clause in the Arbitration Agreement requiring that he pay defendants' costs if he rejects an "Offer of Compromise" that is more favorable than any arbitration award he receives. *Id.* at 2. This, he says, would "include the hourly rate" of the arbitrator and "other AAA fees which would add up to an impossibly large financial obligation for Mr. Castelan to meet or even risk, thus effectively foreclosing his right to vindicate his FLSA and NYLL claims." *Id.*

But since the briefing on this motion, defendants have conceded that "(1) they will not seek any fees in arbitration absent a showing that Plaintiff acted in bad faith; and (2) they will not seek to recover 'costs' beyond what Federal Rule of Civil Procedure 54 permits as 'costs,' and will seek any such permissible costs only subject to the arbitrator's sound discretion." Dkt. 28.

Finally, Castelan says the Arbitration Agreement unconscionably shortens the applicable statute-of-limitations period. Dkt. 21 at 2. But that agreement says otherwise. Dkt. 18-2 at 4 ("A request for arbitration . . . must be filed within six (6) months . . . *or during such longer period as is allowed by any statute of limitations applicable to the claim*." (emphasis added)).

So, given defendants' concessions, Castelan cannot show that the agreements are unconscionable. And because no one disputes that the agreements' scope covers Castelan's claims, they must be arbitrated.

## CONCLUSION

Defendants' motion to compel arbitration and to stay the litigation is granted.

The Clerk of Court is respectfully directed to terminate Dkt. 16 and to stay this case.

SO ORDERED.

Dated: June 24, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge